UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 7:12-CR-1136-8 |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | McAllen, Texas |
| | ) | |
| AIDA PALACIOS, | ) | Tuesday, January 29, 2013 |
| | ) | |
| Defendant. | ) | (10:23 a.m. to 10:35 a.m.) |

INITIAL APPEARANCE / ARRAIGNMENT / DETENTION HEARING

BEFORE THE HONORABLE PETER E. ORMSBY,
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| **Appearances:** | See next page |
| Interpreter: | Not Used |
| Court Recorder: | Rick Rodriguez |
| Transcribed By: | Exceptional Reporting Services, Inc. |
| | P.O. Box 18668 |
| | Corpus Christi, Texas 78480-8668 |
| | 361 949-2988 |

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER. UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.
General Order 94-15, United States District Court,
Southern District of Texas.**

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiff:                     STEVEN SCHAMMEL, ESQ.
                               Assistant United States Attorney
                               1701 W. Business Hwy. 83
                               Suite 600
                               McAllen, Texas 78501

Defendant:                     RALPH R. MARTINEZ, ESQ.
                               Martinez Martinez
                               2900 Woodridge, Suite 306
                               Houston, Texas 77087

**McAllen, Texas; Tuesday, January 29, 2013; 10:23 a.m.**

**(Call to Order)**

**THE COURT:** And so we'll go ahead and to take up next Criminal Case Number M-12-1136. It's *United States versus Aida Palacios.*

**MR. SCHAMMEL:** The Government is present and ready, your Honor.

**THE COURT:** Okay. Please come forward right up here, ma'am.

**MR. MARTINEZ:** Ralph Martinez for Ms. Palacios. Good morning, your Honor.

**THE COURT:** Okay. Good morning. And Ms. Palacios was named in an Indictment and I understand that you-all do want to go ahead and she's prepared to proceed with the arraignment and also the bond hearing at this time. And is that correct?

**MR. MARTINEZ:** Yes, sir, your Honor.

**THE COURT:** Okay. And so I do need to just go over some things with you, ma'am, as far as your first appearance here in Court. I'm sure you're aware of these things already but just to make sure there's no misunderstanding, I do want to just go over some rights that you have in connection with this.

First of all, you do have the right to remain silent concerning the charge or charges alleged in your case. You're not required to make any type of a statement here today.

1  Anything that you do say may be used against you.  If you've

2  already made any type of a statement concerning the charge

3  being alleged, you have the right not to make any further

4  statement.

5       You do have the right to be assisted by counsel.

6  Obviously, you've already made arrangements for that.  Mr.

7  Martinez has entered an appearance on your behalf.  I'll just

8  remind you that you have the right to have him present anytime

9  you appear in Court, anytime you are questioned by any law

10 enforcement agency, or any other significant event that may

11 relate to the charge being alleged against you in your case

12 here.

13      The -- we can go ahead and address the arraignment

14 then.  And ma'am, I do need to ask you questions under oath for

15 purposes of your arraignment.  If you would please your right

16 hand, the Clerk will place you under oath.

17      **(Defendant Sworn)**

18      **THE COURT:**  Okay.  And ma'am, your correct name is

19 Aida Palacios, excuse me?

20      **THE DEFENDANT:**  Yes.

21      **THE COURT:**  Okay.  And Mr. Martinez, do you have an

22 announcement as far as the arraignment in her case?

23      **MR. MARTINEZ:**  Yes, sir, your Honor.  We respectfully

24 waived the reading of the Indictment.  We plead not guilty,

25 your Honor.  And we -- I've reviewed the charges with her in

1 this case.

2         **THE COURT:**  Okay.  And very well.  And you do believe
3 she's competent at this point to proceed?

4         **MR. MARTINEZ:**  Yes, sir, your Honor.

5         **THE COURT:**  Okay.  And ma'am, I just want to confirm
6 -- normally I would just go over the charges with you or the
7 charge.  Let me see, I think she's named just in the one count
8 -- and so normally, I would go over that with you.  But in this
9 situation, you have had the opportunity to go over the charge
10 in the Indictment with your attorney and discuss that with your
11 attorney; is that correct?

12         **THE DEFENDANT:**  Yes, sir.

13         **THE COURT:**  And after doing that, are you able to
14 understand the nature of the charge that's being alleged and
15 able also to understand the maximum penalties that could be
16 imposed as to that?

17         **THE DEFENDANT:**  Yes, sir.

18         **THE COURT:**  And Mr. Martinez has indicated that you
19 wish to waive the reading of the Indictment.  As I've been
20 mentioning to others here this morning, that just means we
21 won't read it out loud and is that what you want to do to waive
22 that?

23         **THE DEFENDANT:**  Yes, sir.

24         **THE COURT:**  And ma'am, he's indicated you do wish to
25 plead not guilty to the charge in the Indictment.  I just need

1  to have you announce your plea at this time. And as to the
2  charge in the Indictment, how do you wish to plead? Guilty or
3  not guilty?
4          **THE DEFENDANT:** Not guilty.
5          **THE COURT:** Okay. And I do find that Ms. Palacios is
6  competent for purposes of her arraignment based on the
7  representation of counsel. She's entered a plea of not guilty
8  as to the charge in her case. Her case is assigned to Judge
9  Crane. The Final Pretrial Conference is set for, as to her at
10 least, as to -- is set for February 28th at 9:00, jury
11 selection will be March 5th at 9:30. The deadline for motions
12 will be February 8th. The Government's responses will be due
13 February 21st and the deadline for motions for continuance will
14 be February 14th. So those dates will control further
15 proceedings in her case.
16         And I'm not sure what the status is. I know there
17 are -- there are other Defendants that have come in at
18 different times so I'm not positive whether the Final Pretrial
19 is set for all the Defendants on that same date. And the only
20 reason I mention that is that, you know, that might affect when
21 the case actually proceeds. But as -- at least it's not to go
22 forward as to her any sooner than that.
23         So the other matter we need to address is the issue
24 of bond. There is a presumption against bond as to -- based on
25 the charge being alleged. However, it is a rebuttal

1  presumption.  Pretrial Services has prepared a -- a report with
2  information relating to possible conditions of bond.  So I will
3  take judicial notice of that information and Mr. Martinez, was
4  there other evidence or argument you wish to present at this
5  point?
6          **MR. MARTINEZ:**  No, sir, your Honor.
7          **MR. SCHAMMEL:**  The Government would ask -- ask the
8  Court to go ahead and file the Pretrial Services Report.
9          **THE COURT:**  All right.  And I'm required to apply the
10 factors under the Bail Reform Act.  There is a serious felony
11 charge being alleged in the Indictment and so that is one of
12 the factors to consider.  The other factors that the Court is
13 required to consider, there are -- there is positive
14 information with regard to that or as reflected by the
15 information in the Pretrial Services Report.
16         Ms. Palacios has strong ties to the community.  She's
17 lived in the area for a significant period of time.  I guess
18 she's been up in Houston for a while working.  She's worked in
19 the past at -- at various jobs and so those are all positive
20 circumstances.  And perhaps most significantly, she has no
21 prior criminal history at all, no arrests or anything that I'm
22 aware of.
23         Based on those circumstances and also the -- the
24 Government's position and -- and their awareness of the
25 particular circumstances here -- for all of those reasons, I

find that conditions of release can be set.  If we can adopt the recommendations in the Pretrial Services Report and then post a $75,000 unsecured bond.  I was told, though, that -- Mr. Martinez, that Ms. Palacios' parents are willing to sign with her on the bond --

**MR. MARTINEZ:**  Yes, your Honor.  They're here.

**THE COURT:**  -- and I'm going to go ahead and set that as a condition.  So just have them sign with her.  And ma'am, no one will have to pay any money for your release and -- but with your parents signing with you on the bond, if you were to fail to appear and not take care of this, the $75,000 amount of the bond could be forfeitable against any property you may have now or came later but also against your parents' property as well.  And I'm sure you've realized that already but that is the way that condition works.  So it won't require any cash deposit or anything but I will have them sign as well.

Ma'am, while you're on release and your case is pending, you are required to report to a Federal Pretrial Services Officer.  You just need to follow their instructions on how to report and how often to do that.  It is a condition that you seek to maintain and -- and employment or find or maintain employment.  It looks like you've worked, you know, consistently in the past.  I'm sure you'd do this anyway but it will be a condition of your release as well that you be looking for work and trying to maintain employment.

1           It is a standard condition that you need to surrender
2   any passport or travel papers.  Also that you not apply for any
3   passport or travel papers while your case is pending.  You do
4   need to remain within the Southern District of Texas while your
5   case is pending and -- so you should not travel outside the
6   southern area of the State.  For example, you should not travel
7   into Mexico.  If you do need to travel outside the area for any
8   purpose, you can discuss that with your attorney.  Your
9   attorney can file a motion with the Court to request permission
10  to do that.  You just need to wait until that's actually
11  approved before traveling outside the area.
12          Also it's a standard condition that you have no
13  contact with any co-Defendant or any potential witness or
14  anyone else that has a -- that has some connection to the
15  charge being alleged.  One of the reasons for that is if you're
16  in contact with someone else that has some involvement here or
17  alleged involvement, it may make it appear that you are
18  involved with something else related to this.  And so it's very
19  important you not have any contact directly or indirectly with
20  anyone that has some kind of involvement with this.
21          By indirectly, I mean that you can't send a text
22  message or send a message through another person or a contact
23  over a computer, electronically, instant message, Facebook, any
24  other way you can think of.  So it's very important you not
25  have contact with anyone that might have some connection to the

1 charge here.

2 However, I do want to emphasize that your attorney
3 will be able to take any steps that are necessary to help you
4 in your defense. Your attorney can contact people for you or
5 interview people for you or take any other steps again that
6 might be helpful in your defense in this matter.

7 You -- it is a standard condition that you not have
8 any firearm or dangerous weapon. I'm not sure if you own any
9 firearms at this point. I know that you were involved in law
10 enforcement previously but if you do have any firearms or at
11 your place of residence there are any, they do need to be
12 removed and placed somewhere where you could not obtain
13 possession of them while your case is pending.

14 And it's a standard condition that you refrain from
15 excessive use of alcohol. Also, you must not use or possess
16 any controlled substance. I'm not aware that you have any
17 problem with that in that area but we do try to advise every
18 person if you were to test positive for any drug use, it's
19 likely that your bond -- well it's likely you'd have to appear
20 before the District Court Judge, your bond could be revoked,
21 and it also could have a negative impact on the outcome of your
22 case. Again, I'm not aware of any issue there but sometimes
23 people don't admit to all those things. But it's very
24 important you not test positive. So if there were any -- any
25 issue there, it would be best to bring that up with Pretrial

1 Services so they could offer some kind of assistance or
2 treatment.
3 If you have any contact with any law enforcement
4 officer while your case is pending, you need to just describe
5 that to Pretrial Services so even if it's a traffic stop or
6 anything else that you have occasion to have some kind of
7 contact with law enforcement, you need to just let Pretrial
8 Services know about that.
9 Those are the conditions we'll set. We should be
10 able to go forward with that right away for Ms. Palacio's
11 release. Was there anything else that we ought to take up?
12 **MR. MARTINEZ:** Your Honor, of course my client can
13 follow whatever order the Court imposes as far as where she's
14 going to live. But she is working and living in Austin. She
15 wanted to get away from the co-Defendants --
16 **THE COURT:** Right.
17 **MR. MARTINEZ:** -- and she had wanted -- and she has
18 employment. If the Court would allow to live in -- in the
19 Western District --
20 **THE COURT:** Definitely, yeah. I mean that seems like
21 a good idea under the circumstances as well. Especially if she
22 has an employment there. So I think we'll just say in her case
23 and again her circumstances that you just need to remain within
24 the State of Texas and -- and not travel outside Texas while
25 your case is pending. And that will cover that.

1    **MR. MARTINEZ:**  Thank you, your Honor.  I appreciate
2  it.
3    **THE COURT:**  All right.  Okay.  So we'll get the
4  papers prepared for her release and -- and go forward with that
5  as soon as we can.  We have a number of other things we're
6  going to be addressing in just a bit, so we'll -- we'll do that
7  as soon as we can to get those signed.
8    **MR. MARTINEZ:**  Yes, sir.  So her parents are to go to
9  the Pretrial Services?
10    **THE COURT:**  Right.  I mean -- well we'll just need
11  them around here somewhere so they can sign.  I think they've
12  already talked to Pretrial Services and --
13    **MR. MARTINEZ:**  Yes, your Honor.
14    **THE COURT:**  -- and so I think they're all set other
15  than we just need to have them sign the bond papers itself and
16  so I think we're probably working on that right now but they'll
17  be a number of other cases coming in so you might have to try
18  to do that down the hall while I do some other things here
19  so --
20    **MR. MARTINEZ:**  All right, sir.  Thank you, your
21  Honor.
22    **THE COURT:**  Okay.  So you-all can be excused.
23  Goodbye now.
24    **(This proceeding was adjourned at 10:35 a.m.)**
25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          March 29, 2013
            Signed                                 Dated

*TONI HUDSON, TRANSCRIBER*