UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-12-1317-S1-02 |
| | § | |
| ARNOLDO ALVARADO | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECUSE OR SUBSTITUTE GOVERNMENT'S PROSECUTING ATTORNEYS**

COMES NOW the United States of America (hereinafter referred to as "Government") through its United States Attorney, Kenneth Magidson, and Assistant United States Attorney, Anibal J. Alaniz, and files this response to the defendant's motion to recuse or substitute government's prosecuting attorneys and statements and as good cause would show the Court the following:

I.

Factual Background

On July 3, 2012, Arnoldo Alvarado (hereinafter referred to as "Alvarado") was detained at his home in Hargill, Texas based on information that he was involved in the attempted murder of Homeland Security Investigations (hereinafter referred to as "HSI") Agent Kelton Harrison.

Alvarado was transported from his home to the Federal Bureau of Investigations (hereinafter referred to as "FBI") office where he was interviewed by FBI Agent Jorge Velasco and HSI Agent Ernesto Baca. Also present during Alvarado's interview was Assistant United States Attorney Anibal J. Alaniz while Assistant United States Attorney James Sturgis (hereinafter collectively referred to as "Prosecuting Attorneys") came into the interview room sporadically. During the interview, Alvarado confessed that his father Pedro Alvarado received a

1

call regarding a suspicious vehicle parked near his property; that his father woke him and his juvenile brother; that his father told him and his juvenile brother to get the firearms and to get into their pick-up truck; that after getting into the pick-up truck his father drove on 11th Street towards FM 493; that as they approached the parked vehicle he and his juvenile brother began shooting at the vehicle; that he emptied his 9 mm firearm, reloaded and continued to shoot at the vehicle which had been parked as it drove off at a high rate of speed.

II.

Defendant's Argument

Alvarado argues that the Prosecuting Attorneys should be recused or substituted base on two theories. First, that the Prosecuting Attorneys are fact witnesses to the discovery of a vital piece of evidence, Alvarado's confession. Second, that the Prosecuting Attorneys mere presence and association with the interrogation will improperly influence the jury.

Alvarado argues that the "advocate-witness" rule supports his claim for the disqualification or substitution of the Prosecuting Attorneys. The "advocate-witness" rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation.

III.

Legal Analysis

A.   Prosecuting Attorneys Necessary Witnesses?

While the Government agrees that the "advocate-witness" rule bars counsel from acting as an advocate and a witness in a single proceeding only under special circumstances, *United States v. Watson*, 87 F. 3d 927, 932 (7th Cir. 2001) this does not mean that every prosecutor who interviews a suspect is precluded from representing the government. The correct procedure, and the one the AUSA followed in this case, is to avoid interviewing a suspect except in the presence

of a third person so that the third person can testify about the interview. See *United States v. Johnston*, 690 F.2d 638, 645 (7th Cir. 1982) (*en banc*).

The "advocate-witness" rule simply disfavors an advocate from being a witness in the same proceeding but it does not dictate that the advocate be disqualified. The issue of disqualification is determined by whether the advocate is a necessary witness and the party requesting the disqualification has shown a compelling need. *Id*.

In making these determinations, the following cases are instructive. In *Horaist v. Doctors Hospital of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) Horaist hired Andre Toce to sue Doctors Hospital for firing her after she reported unwelcomed sexual advances from her supervisors. In their motion to disqualify Andre Toce, the defendants claimed that Andre Toce and Horaist were involved romantically and that he was a necessary witness because he could provide evidence as to Horaist's emotional state and as to her earnings. In denying the request, the 5th Circuit held that because his testimony was cumulative, Toce was not a necessary witness.

In *United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990) the defendant attempted to call the AUSA prosecuting the case as a witness at trial in order to discredit the testimony of a cooperating defendant. The cooperating defendant testified that he did not mention Roberson's involvement in the statement he gave to agents because he was afraid. The defendant requested to call the Assistant United States Attorney prosecuting the case to testify concerning what occurred at the plea of the cooperating defendant. In denying the request, the 11th Circuit held that there was no "compelling need" to call the prosecuting attorney unless she was a "necessary witness". In so holding, the 11th Circuit held that because there were other witnesses available who could provide the same testimony, the prosecuting attorney was not a

necessary witness. see *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2nd Cir. 1975), *cert. denied*, 427 U.S. 942, 96 S. Ct. 1410, 47 L. Ed. 2d 348 (1976).

Lastly, in *United States v. Starnes*, 157 Fed. Appx. 687 (5th Cir. 2005) (*unpublished*) Assistant United States Attorney Spillers, the lead prosecutor in Starnes's case, participated in two searches relevant to Starnes' case. Spillers was not, however, alone during these searches. With regard to the first search, the record showed that Spillers was joined by other law enforcement agents, and Starnes did not allege that Spillers observed anything that was not observed by the other agents. With regard to the second search, Starnes admitted that ATF agent Joey Hall was also present. Additionally, Starnes admitted during the pre-trial disqualification hearing that Hall would have been able to hear anything that Starnes said to either Spillers or Hall.

In its holding the 5th Circuit held that "[b]ecause the lawyer-as-witness rule is not implicated unless the lawyer is "likely to be a necessary witness, the rule does not preclude every prosecutor who participates in the search of a suspect's residence from representing the government against the suspect. A lawyer is not likely to be a necessary witness when evidence pertaining to each matter to which he could testify is available from another source. Because any testimony that Spillers could provide was available from another source, Spillers was not likely to be a necessary witness.

Therefore, in deciding the disqualification issue the Court must determine whether the Prosecuting Attorneys are necessary witnesses. Alvarado's motion to disqualify completely fails to address this issue. Aside from stating that the Prosecuting Attorneys will be witnesses regarding his confession, Alvarado does not explain to the Court what evidence he believes that the Prosecuting Attorneys will provide. Furthermore, Alvarado also fails to provide any evidence

that there are no other sources that can provide the evidence he anticipates that the Prosecuting Attorneys will provide.

Alvarado's only support for his position is *United States v. Edwards*, 154 F. 3d 915 (9th Cir. 1998). However, the facts in *Edwards* are clearly distinguishable from the facts in this case. In *Edwards* the prosecuting attorney was the person who discovered a key piece of evidence that tied the defendant to the bag that contained the drugs that formed the basis of the prosecution. Having found this piece of evidence the prosecutor was in the position, during closing argument, of having to argue his belief - indeed his representation based on personal knowledge - that the discovery of the evidence was legitimate. Since he was the person who discovered this key piece of evidence, there was no other source that could provide this information and the Court therefore held that the prosecuting attorney should have been disqualified.

In this case, the Prosecuting Attorneys did not discover any key piece of evidence. To the contrary, the Prosecuting Attorneys were simply witnesses, along with several other agents, to Alvarado confessing to the attempted murder of a federal law enforcement agent. Although the Prosecuting Attorneys could provide the jury with information concerning (1) Alvarado waiving his Miranda rights, (2) the voluntariness of Alvarado's confession and (3) the fact that Alvarado never invoked his right to counsel or right to remain silent, this evidence will be provided by agents who were present during the entire interview.

      B.      Prosecuting Attorneys Presence At Interview Influence The Jury?

In his motion, Alvarado claims that evidence that the Prosecuting Attorneys were present during his interview will improperly influence the jury. However, this claim is not supported by any case law.

In fact, any evidence regarding the presence of the Prosecuting Attorneys during his interview will not be elicited by the Government since it is irrelevant to the issues surrounding the admissibility of the confession. Therefore, if the Government does not intend to inform the jury of the presence of the Prosecuting Attorneys during the interview of Alvarado, what purpose would Alvarado have to put this information before the jury? Since his motion is silent in this regard, the only logical conclusion is to argue for the disqualification of the Prosecuting Attorneys.

WHEREFORE, PREMISES CONSIDERED the Government request that the Court deny defendant's motion to disqualify or substitute the prosecuting attorneys in its entirety.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney

*s/Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney
State Bar No. 00966600
Federal I.D. No. 12590
1701 W. Business Highway 83
Suite 600
McAllen, Texas 78501

CERTIFICATE OF SERVICE

On this 9th day of April, 2013 a true and correct copy of the Government's Response to Defendant's Motion to Suppress Evidence and Statements was filed by ECF and served on counsel of record.

*Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney