UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-12-1136-S3 |
| | § | |
| PEDRO ALVARADO | § | |
| ARNOLDO ALVARADO | § | |

**GOVERNMENT'S MOTION IN LIMINE #1**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through Kenneth Magidson, United States Attorney in and for the Southern District of Texas (hereinafter referred to as "Government"), and Anibal J. Alaniz, Assistant United States Attorney, and files this Motion in Limine #1 requesting that the Court instruct defense counsel not to bring up the following matters in front of the jury until they have first approached the Court to obtain a ruling:

I.

1. That defense counsel not bring to the jury's attention the fact that a post-arrest recorded statement of Pedro Alvarado exists:

2. That defense counsel not bring to the jury's attention the fact that the government decided not to put into evidence the post-arrest recorded statement of Pedro Alvarado;

3. That defense counsel not bring to the jury's attention any reason as to why the government decided not to put into evidence the post-arrest recorded statement of Pedro Alvarado;

4. That defense counsel not attempt to introduce into evidence, in the presence of the jury, any post-arrest, whether oral, written or recorded, statement made by either defendant;

5. That defense counsel not be allowed to question any witness regarding any post-arrest statements made by either defendant that the government has not introduced into evidence during its case-in-chief;

6. That defense counsel not be allowed to question any agent from Homeland Security Investigations ("HSI") regarding any complaint they may have concerning any claimed violations of HSI policy and/or administrative procedures during the surveillance operation;

7. That defense counsel not be allowed to question any agent from HSI regarding any opinion they may have concerning who is to blame for the attempted murder and assault of HSI Agent Kelton Harrison other than the defendants on trial;

8. That defense counsel not be allowed to bring to the jury's attention the fact that the Office of Inspector General ("OIG") conducted an investigation regarding the surveillance operation that lead to the shooting of HSI Agent Kelton Harrison;

9. That defense counsel not be allowed to bring to the jury's attention any complaint, whether formal or informal, filed by HSI Agent Kelton Harrison regarding any policy and/or administrative violations that may have occurred during the surveillance operation;

10. That defense counsel not be allowed to make any argument regarding whether any item of evidence has not been made available or, if made available, it timing during discovery;

11. That defense counsel not be allowed to elicit any testimony or make any statement regarding any possible punishment associated with the charges alleged against the defendants;

12. That defense counsel not be allowed to elicit any testimony or make any statement regarding the fact that any of the charges alleged against the defendants must run consecutive to each other;

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney


*/s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal ID No. 12590
1701 West Business Highway 83
Suite 600
McAllen, Texas 78501

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Unopposed Government's Motion for Leave to File Late Objections to the Pre-Sentence Investigation Report was on this 2nd day of March, 2014 filed by ECF and served on counsel of record.


*/s/ Anibal J. Alaniz*
Anibal J. Alaniz