UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | 7:12-cr-1136-2 |
| | § | |
| ARNOLDO ALVARADO | § | |

**DEFENDANT'S MOTION TO RECONSIDER COURT'S DENIAL
OF INFORMANT'S AGREEMENT WITH THE GOVERNMENT**

Defendant, Arnoldo Alvarado, by and through his attorney, Carlos A. Garcia, respectfully files Defendant's Motion to Reconsider Court's Denial of Informant's Agreement with the Government and states as follows:

### Introduction

1. The case at bar is presently set for opening statements for March 17, 2014.

2. A Superceding Indictment from the Southern District of Texas was handed down against Arnoldo Alvarado on December 11, 2012

3. The Indictment alleges a two criminal acts alleged to have been committed by the Defendant arising from an incident that occurred in the early morning hours of July 3, 2012.

### Factual Background

4. Agents for Homeland Security Investigations (HSI/ICE) had been conducting a parallel investigations of what have become known as the "Panama Unit Case" and the "Tomas Gonzalez a.k.a 'El Gallo' Case". At some time prior to July 3, 2012, the government came to an agreement with a confidential human source (CHS). The confidential human source

    is and was an integral part of the Government's investigations. The Government relied the CHS statements and purported "knowledge" of ongoing corruption within the Hidalgo County Sheriff's Office and drug trafficking organizations. The Government possesses a "file" on this individual and is subject to Rule 16 of the Federal Rules of Criminal Procedure as well as the Government's obligation under *Brady v. Maryland*, *Giglio v. United States*, and *Kyles v. Whitley*.[1]

5. The Defendant hand delivered a discovery request dated October 10, 2012 to the Government seeking disclosure of material, exculpatory and impeaching evidence in this case.

6. The Defendant had previously filed Motion for Brady Materials on August 10, 2012. (See document #34, ECF Docket Sheet).

7. The Defendant had previously filed Motion to Produce Confidential Informer on August 10, 2012. (See document #35, ECF Docket Sheet).

8. The Defendant previously filed Motion for Discovery and Inspection of Evidence on August 10, 2012. (See document #37, ECF Docket Sheet).

9. The Defendant previously filed Motion for Discovery Regarding Special Consideration Granted to Government Witness on August 10, 2012. (See document #44, ECF Docket Sheet).

10. The Defendant appeared for Jury Selection as directed on March 4, 2014. Before Jury selection, the Court addressed some ongoing discovery requests made by the Defendant and his Co-Defendant. The Court heard arguments of counsel as it related to the Defendant's request for the "agreement" the CHS and Government signed some time before July 3, 2012.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 419 (1995).

The Court dismissed Defendant's request and denied access to the "agreement" the government refuses to disclose.

11. The Government urged the Court to deny access to the CHS "agreement" stating that it did not negate an element of the offense. Arguably, every investigation by law enforcement would not "negate" an element of an offense. That is not the standard. The Supreme Court addressed the issue of materiality in *Kyles v. Whitley*. There, the Court stated:

"The question is not whether the defendant would more likely than not have received a different verdict with the evidence, *but whether in its absence he received a fair trial*, understood as a trial resulting in a verdict worthy of confidence."[2]

12) The evidence sought to be disclosed is material and relevant to verdict worthy of trust.

## Prayer

13) The Defendant seeks access to the CHS' file in its entirety. In the alternative, the Defendant requests the Court receive said CHS file for in camera inspection. Further, that the CHS file be held and made part of the record for appellate court review.

Respectfully Submitted,

By: /s/ Carlos A. García
Carlos A. García
State Bar No. 24048934
Federal Bar No.: 589236
1305 East Griffin Parkway
Mission, Texas 78572
Tel. (956) 584-1448
Fax: (956) 584-7402

---

[2] *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (emphasis added).

CERTIFICATE OF SERVICE

I, Carlos A. García, hereby certify that on March 10, 2014 a true and correct copy of the above and foregoing Motion was forwarded to Assistant United States Attorney in charge of this case, via electronic mail.

*/s/Carlos A. García*
Carlos A. García

CERTIFICATE OF CONFERENCE

I, Carlos A. García, hereby certify that on March 10, 2014 I conferred with the United States Attorney in charge of this case, and he was opposed to the granting of this Motion.

*/s/Carlos A. García*
Carlos A. García