UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-12-1136-S3 |
| | § | |
| PEDRO ALVARADO | § | |
| ARNOLDO ALVARADO | § | |

**AMENDED
GOVERNMENT'S MOTION IN LIMINE #1**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through Kenneth Magidson, United States Attorney in and for the Southern District of Texas (hereinafter referred to as "Government"), and Anibal J. Alaniz, Assistant United States Attorney, and files this Motion in Limine #1 requesting that the Court instruct defense counsel not to bring up the following matters in front of the jury until they have first approached the Court to obtain a ruling:

I.

Recorded
Post-Arrest Statement of Pedro Alvarado

On July 3, 2012, defendant Pedro Alvarado (hereinafter referred to as "Pedro") was arrested at his home and transported to the Federal Bureau of Investigations Building in McAllen, Texas by Homeland Security Investigations (hereinafter referred to as "HSI") Agent Victor Hugas (hereinafter referred to as "Agent Hugas") and Texas Department of Public Safety Ranger Reuben Mankin (hereinafter referred to as "Ranger Mankin"). While transporting Pedro, Agent Hugas and Ranger Mankin recorded their questioning of Pedro regarding the shooting of HSI Agent Kelton Harrison (hereinafter referred to as "Agent Harrison").

1

The government does not intend to offer said recorded post-arrest statement of Pedro during its case-in-chief and as such would ask the Court to prohibit defense counsel from bringing to the jury's attention:

1. The fact that the government decided not to introduce into evidence Pedro's recorded post-arrest statement;

2. The reason(s) why the government decided not to introduce into evidence Pedro's recorded post-arrest statement; and

3. The fact that the post-arrest recorded statement of Pedro Alvarado exists.

## Legal Analysis

Any statement made by the defendant, whether pre or post-arrest, is admissible against the defendant as an admission of a party-opponent. Federal Rule of Evidence 801(d)(2). The statement does not have to be against the interest of the defendant. If the statement is made by a defendant and the government attempts to use it, this rule is satisfied. *United States v. Aviles-Colon*, 536 F. 3d 1, 23 (1st Cir.), cert. denied, 555 U.S. 1039 (2008). More importantly, a defendant cannot offer his own statements through someone else. *United States v. Marin*, 669 F.2d 73, 84 (2nd Cir. 1982). In *Marin*, the Court stated that when a defendant seeks to introduce his own statement for the truth of the matter asserted, it is hearsay and it is not admissible. If the defendant offers his own statement simply to show that it was made, rather than to establish then to establish the truth of the matter asserted, the fact that the statement was made must be relevant to the issues in the case. Counsel for Pedro has not asserted how the fact that Pedro made the post-arrest statement is relevant to any issue in the case.

The government further contends that its decision not to introduce into evidence Pedro's recorded post-arrest statement, its reasons for not doings so and the fact that the recorded statement even exists is not relevant to any issue in the case.

Federal Rule of Evidence 401 states that evidence is relevant if:

(a)   it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b)   that fact is of consequence in determining the action.

In *United States v. Hall*, 653 F.2d 1002 (5th Cir. 1981) the Court held that whether a fact is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case matter that is in issue or probative of a matter that is in issue. The governing hypothesis of any criminal prosecution consists of the elements of the offense charged and the relevant defenses, if any, raised to defeat criminal liability. It is abundantly clear that the fact a post-arrest statement by Pedro exists, the government's decision not to introduce it into evidence and its reasons for not doing so do not make any of the elements of the charged offenses more or less probable nor do they make any possible defense more probable.

In the event that the Court finds some relevance in the above facts the government would request that the Court exclude this evidence based on Federal Rule of Evidence 403:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The government believes that any probative value which the Court may find in this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. Allowing the jury to hear the fact that some evidence exists which the

government intentionally has withheld from their consideration and its reasons for doing so could lead the jury to make a decision on guilt or innocence on something other than the evidence presented to them.

II.

OPR Investigation

Subsequent to the shooting of Agent Harris, the Office of Professional Responsibility (hereinafter referred to as "OPR") conducted a Critical Incident Review to review the activities leading up to the incident to educate and minimize the possibility of future incidents from occurring. During the course of their investigation, OPR agents conducted recorded interviews of HSI Agents Mario Campbell, Jean-Paul Reneau, Christopher Villarreal, Juan Mendez, Raul Garza and Agent Harrison. The interviews of the HSI agents reveal the following complaints: (1) Agent Reneau's high operational tempo; (2) Agent Reneau's operational guidelines or lack thereof; (3) Agent Reneau not sufficiently briefing the other agents on the objectives in regards to surveillance and other enforcement actions; (4) policy that did not allow them to maintain portable radios as part of their equipment; and (5) policy that did not allow them to store Colt M-4 assault rifle issued to them at home.

The government requests that the Court prohibit defense counsel from eliciting any of the following information:

1. any complaints by HSI agents regarding Agent Reneau's operational plans;

2. any complaints by HSI agents regarding Agent Reneau's not sufficiently briefing them on surveillance and other enforcement actions;

3. any complaints by HSI agents regarding policies on portable radios and Colt M-4 assault rifles;

    4.    the OIG Critical Review Investigation;

<u>Legal Analysis</u>

Federal Rule of Evidence 401 states that evidence is relevant if:

(a)     it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b)     that fact is of consequence in determining the action.

In *United States v. Hall*, 653 F.2d 1002 (5th Cir. 1981) the Court held that whether a fact is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case matter that is in issue or probative of a matter that is in issue. The governing hypothesis of any criminal prosecution consists of the elements of the offense charged and the relevant defenses, if any, raised by to defeat criminal liability.

Evidence of these complaints against Agent Reneau and certain HSI policies do not make any of the elements of the charged offenses more or less probable nor do they make any defense they may have more probable.

In the event that the Court finds some relevance in these complaints against Agent Reneau and HSI policies, the government would request that the Court exclude this evidence based on Federal Rule of Evidence 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The government believes that any probative value which the Court may find in this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. Evidence of personal animosity and dislike and/or disapproval of agency

policies will be unfairly prejudicial, confuse the issues and mislead the jury because it has the tendency of allowing the jury to decide the guilt or innocence of the defendants based on the conduct of others and not on the conduct of the defendants.

### III.

### Pre-trial Discovery

That defense counsel not be allowed to make any argument regarding whether any item of evidence has not been made available or, if made available, its timing during discovery;

### IV.

### Punishment

That defense counsel not be allowed to elicit any testimony or make any statement regarding any possible punishment associated with the charges alleged against the defendants;

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney

*/s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal ID No. 12590
1701 West Business Highway 83
Suite 600
McAllen, Texas 78501

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Amended Government's Motion in Limine #1 on this 13th day of March, 2014 filed by ECF and served on counsel of record.

*/s/ Anibal J. Alaniz*
Anibal J. Alaniz